(Reap. Dec. 10214)

PATRICK & GRAVES *v.* UNITED STATES

Entry No. 4763–H.

(Decided March 27, 1962)

*Stein & Shostak* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeal for reappraisement enumerated on the attached Schedule A, attached hereto and made a part hereof, consists of marble statuary imported from Italy on February 12, 1957.

IT IS FURTHER STIPULATED AND AGREED that the merchandise and the issues in the appeal for reappraisement enumerated in the Schedule attached hereto and made a part hereof are the same in all material respects as the merchandise and the issues decided in the case of *Bruce Marble & Granite Works, et al.* v. *United States,* Reap. Dec. 9959, and that the record in said case be incorporated and made a part of the record herein.

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit

values, less nondutiable charges, and that there were no higher foreign values for such or similar merchandise at the time of exportation.

IT IS FURTHER STIPULATED AND AGREED that this appeal for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find that the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved herein and that such value is represented by the invoiced unit values, less nondutiable charges.

Judgment will be rendered accordingly.